Judge Coaitek,
dissenting, delivered the following separate opinion.
The first important question in this case is, whether, upon the state of the evidence given for the plaintiff, it was competent to the defendant to insist upon the Jury being discharged from giving a verdict, by demurring to the evidence, and obliging the plaintiff to join in demurrer?
The evidence offered by the plaintiff, except proof that the appellant assigned the bond to her, was the record of the suit which she, as assignee, had prosecuted against the obligor and his administrator. This present-id a naked case, unaccompanied by any circumstances, on either side, other than those appearing in the record, of a delay by an assignee to sue for upwards of two years after the assignment; and the question for the Court to decide was whether such delay exonerated the assignor?
It is said, however, that the record in this case is defective as it begins with the filing of the declaration, and shews that the party had been arrested on a writ theretofore issued; and as this writ may have been an important part of the plaintiff's proof, as there may have been various writs of capias, alias, pluries, &c., it may be the fact that the suit was instituted long before the filing of the declaration,—that the Court who pronounced the law on this demurrer judicially knew this possibility, and therefore the evidence was so incomplete and uncertain that no judgment could be given in the case, and a venire de novo. ought to have been awarded.
*325 My strong impression is that, if the date of the Writ was really material to the party, (as, from the certificate of the Clerk relative thereto, but which is no part of this record, I incline to think it was,) and if the party, by the neglect of the Clerk, in not giving the whole record from the emanation of the Writ, was taken by surprise, (as I think also probable,) her remedy, when on the argument of the demurrer this defect appeared, was a motion for a new trial to the Court who tried the cause.— This course surely would have been more proper, than to have insisted, in that Court, on a defect in her own evidence as a ground why the Court should not have proceeded to a judgment on the-demurrer.
If the parly did not choose, however, to insist on either of these matters in the County Court, or to urge the latter in the Superior Court of law, was it the duty of those Courts, ex-officio? or is it within the power of this Court, when the point is made, to say that this defect in the plaintiff’s own testimony renders it impossible that judgment should be given in the case?—What is the object and nature of a demurrer to evidence?—The object of it is, as in a special verdict, or case agreed, to submit the law arising upon the facts of the case to the Court, and not, by blending it with the fact, to submit the whole to the Jury..—The demurrer too has this advantage, that, whereas the Jury may not agree to find a special verdict, the case may be withdrawn from them without this hazard.—The nature of a demurrer, tho’, is pot to invest the Court with the trial of the fact.—The existence of the facts in proof to the Jury, or such as they may fairly infer from the evidence before them, must be admitted; and then the demurrer to evidence is, in its nature, like a demurrer to a declaration or plea, (a)—In the latter case, the demurrant says, admitting the truth of what is stated in your declaration or plea, you have no cause of action, or your defence is not good..—The party, however, whose declaration or plea is thus demurred to, would uot be heard to say that the Court could not give judgment in the case because the declaration or plea shews that possibly a cause of action or a good de *326 fence may exist, altho’ it is not stated so as to avail against the demurrer—So, the party demurring to the evidence says, admit this to be true in it’s full extent, ^ ^ *s inefficient in law.—Can the party offering the evidence say, true it may not he sufficient, hut I do enough to shew that there is other evidence which may be sufficient, and therefore the Court can not give judgment against me?
In Gibson & Johnson v. Hunter, 2 H. Bl. 206, (to which I would solicit the attention of the Bar, as affording the clearest and most unobjectionable Course to be pursued in relation to demurrers to evidence, a subject which, in this ■ country at least, is one of no little perplexity,) it is said that, “if a matter of record, or other matter in writing “ be offered in evidence in maintainance of an issue join- “ ed, the adverse party may insist on the jury being dis- “ charged from giving a vei’dict, by demurring to the evi- “ deuce, and obliging the party offering the evidence to « join in demurrer.”—He is obliged to join in demurrer, “ because there can not be any variance of matter in writ- “ ing.”—“ Parol evidence too is sometimes certain, and “ no more admitting of any variance than a matter in “ writing; but it is also often loose and indeterminate, and “ often circumstantial.” The case then goes on to shew how evidence of this latter description, and even where it is merely circumstantial, may be demurred to; viz. by the demurrant admitting the existence of the fact, the evidence of which is loose and indeterminate, or of that which the circumstances offered in evidence conduced to prove.
In this 'Country, according to our practice, and also, as * understand, in England, (b) when the evidence is such as certainly to warrant a jury in inferring a particular fact, the Court will consider such fact as admitted by the demurrant; but certainly the better plan is that i’ecommended in the case from Henry Blackstone above cited, to have the facts, arising from the inferences and circumstances, stated and admitted of record, under the control of the Court, who will see that nothing shall be *327 insisted on, which the Jury might not properly infer from the facts before them.
The evidence in that case was of this last description, that is, circumstantial; and the Judges certified to the Lords, that it was not competent for the party to demur, and discharge the jury from giving a verdict, without distinctly admitting upon the record every fact and every conclusion which the evidence given, for the plaintiff conduced to prove.
In the case before us, however, the evidence is of two kinds:—first, the record: to this the defendant could not object as improper to go to the Jury: had he made the objection to it, now set up, and the plaintiff had waived the benefit of the proceedings prior to the filing the declaration, and had chosen to rely on such a record as would clearly have been a full record in a Court of error, the objection could not have been sustained. It was then legal evidence, and was offered to the Jury. The second kind of proof was parol; the assignment was proved by a Witness; and this is admitted.
What was the defendant, to do? He must either submit both law and fact to the Jury, have a special verdict found, or demur to the evidence. He chose the latter. This he had a right to do. If he had not done so, the plaintiff had a right to submit the law, and the facts thus in proof, to the Jury, and the Court could not say that the case should not go, on those proofs, to the Jury, because, peradventnre, the party might make his proofs better. If the Court, in that stage of the case, could not have prevented the plaintiff from proceeding against the defendant with her proofs so offered, or if the plaintiff, in that stage of the cause, could not have prevented the defendant from availing himself of the want of sufficient proof of diligence in prosecuting that suit, and obtaining a verdict in his favour on the evidence so offered, and if her only remedy would have been to move for a new trial, (on the ground of surprise,) after the verdict; neither could she, then or now, prevent the defendant from demurring, and having the full benefit of that demurrer, unless by a motion for a new trial, which, before *328 judgment on the demurrer, it might have been competent for her to make, as above suggested.
If such must have been the course in the Court trying the cause, the same must be pursued here; with this exception, that such motion for a new trial cannot be made here.
This question, however, being in the opinion of the other Judges with the appellee, in consequence of which a venire de novo must be awarded, no opinion will he given on the demurrer.

 2 H. Bl. 206.

 Dougl. 133.